**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-CV-62111-DIMITROULEAS/AUGUSTIN-BIRCH**

**INDICA DAWN DUNSEITH,**

**Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**
**_______________________________________/**

## REPORT AND RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT

This cause comes before the Court on Plaintiff Indica Dawn Dunseith's Motion for Summary Judgment, DE 15, and Defendant Commissioner of Social Security's Motion for Summary Judgment. DE 16. The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a report and recommendation on all dispositive matters. DE 10. Plaintiff filed a combined response to Defendant's Motion for Summary Judgment and reply in support of her Motion for Summary Judgment. DE 17. The Court and the parties' briefing and is otherwise fully advised in the premises. For the following reasons, the Court **RECOMMENDS AFFIRMING** the decision of the Administrative Law Judge ("ALJ"), **DENYING** Plaintiff's Motion for Summary Judgment [DE 15], and **GRANTING** Defendant's Motion for Summary Judgment [DE 16].

## I. Background

On February 16, 2022, Plaintiff applied for supplemental security income ("SSI"), alleging a disability onset date of June 30, 2019. DE 12-5 at 2–7.[1] Defendant denied Plaintiff's application

[1] The transcripts for the proceedings below are located at Docket Entry 12-1 through 12-7. The page numbers cited herein refer to the page numbers assigned by CM/ECF, not the internal pagination of the transcripts.

initially, DE 12-4 at 8–9, and after reconsideration. *Id.* at 14–15. Thereafter, Plaintiff requested a hearing before an ALJ, and an ALJ held a hearing on June 17, 2024. DE 12-2 at 33–55. After the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. *Id.* at 15–28. Plaintiff appealed the ALJ's decision to Defendant's Appeals Council, and the Appeals Council denied Plaintiff's appeal. *Id.* at 2–4. Following the denial of her appeal, Plaintiff initiated this litigation to seek judicial review of the ALJ's decision, DE 1, and filed a Motion for Summary Judgment. DE 15. In response, Defendant filed a Motion for Summary Judgment, DE 16, and Plaintiff filed a consolidated response and reply. DE 17.

## II. The ALJ's Analysis and Decision

To determine whether a claimant is disabled, an ALJ utilizes a sequential, five-step process. 20 C.F.R. § 404.1520(a)(4). If, at any step, an ALJ can determine that a claimant is or is not disabled, an ALJ makes a determination or decision at that point and does not proceed to the next step. *Id.* However, if an ALJ cannot determine whether a claimant is or is not disabled at a step, an ALJ then proceeds to the next step of the analysis. *Id.* The five-step process, and the ALJ's finding for each step of Plaintiff's analysis, are as follows.

First, an ALJ considers the claimant's work activity, if any. *Id.* § 404.1520(a)(4)(i). If the claimant is engaged in substantial gainful activity, an ALJ will find the claimant to not be disabled. *Id.* Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 16, 2022, the date of Plaintiff's SSI application. DE 12-2 at 20.

Second, an ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. § 404.1520(a)(4)(ii). If an ALJ determines that a claimant does not have a severe medically determinable physical or mental impairment, or combination of impairments, that meets the duration requirement in 20 C.F.R. § 404.1509, an ALJ will find a claimant to not be disabled. *Id.* Here, the ALJ found that Plaintiff had the following severe impairments: schizophrenia, depression, attention

deficit hyperactivity disorder, post-traumatic stress disorder, panic disorder, social phobia, and anxiety. DE 12-2 at 21. The ALJ also found that Plaintiff had the non-severe impairments of polysubstance abuse disorder. *Id.*

Third, an ALJ considers the medical severity of a claimant's impairment(s). 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant's impairment(s) meets or equals one of the listings in Appendix 1 and satisfies the duration requirement, an ALJ will find the claimant to be disabled. *Id.* Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1. DE 12-2 at 21.

Fourth, an ALJ considers the residual functional capacity ("RFC") of a claimant and the claimant's past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If an ALJ determines that a claimant can still perform the claimant's past relevant work, an ALJ will find the claimant to not be disabled. *Id.* Here, the ALJ found that Plaintiff has the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations":

> can perform simple routine tasks but not at a production rate pace and without strict performance quotas; limited to occasional superficial contact with coworkers and supervisors with "superficial contact" defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice; can have no interaction with the general public; can tolerate occasional changes to a routine work setting defined as 1–2 per week.

DE 12-2 at 23. The ALJ further found that Plaintiff has no past relevant work. *Id.* at 27.

Lastly, an ALJ considers a claimant's RFC, age, education, and work experience to determine if a claimant can make adjustments to perform other work. 20 C.F.R. § 404.1520(a)(4)(v). If a claimant can make adjustments, an ALJ will find the claimant to not be disabled. *Id.* But if a claimant cannot make adjustments to other work, an ALJ will find the claimant to be disabled. *Id.* Here, the ALJ found that Plaintiff has a limited education and no transferable job skills, since Plaintiff does not have past relevant work. DE 12-2 at 27. But based on Plaintiff's RFC, the ALJ concluded that Plaintiff

could make a successful adjustment to other work that exists in significant numbers in the national economy, such as a "Marker," "Warehouse Checker," or "Copy Machine Operator." *Id.* Accordingly, the ALJ determined that Plaintiff was not disabled. *Id.* at 28.

**III. Standard of Review**

Judicial review of an ALJ's disability determination is limited to whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standard. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When determining whether substantial evidence exists to support the findings of an ALJ, courts do not reweigh the evidence or substitute their judgement for that of the ALJ. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Even if the evidence preponderates against the Secretary's factual findings, [courts] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

**IV. Analysis**

Plaintiff raises one argument on appeal: the ALJ failed to properly evaluate the opinion of Gravil Joseph, PMHNP-BC. DE 15 at 3. The Court begins its analysis by reviewing Mr. Joseph's opinion and then turning to the ALJ's analysis of Mr. Joseph's opinion. Finally, the Court considers whether the ALJ properly evaluated Mr. Joseph's opinion and concludes that the ALJ did so. The Court explains below.

**A. Mr. Joseph's Opinion**

In a "Mental Impairment Questionnaire," Mr. Joseph, a nurse practitioner, explained that he has treated Plaintiff for three months and diagnosed her with social phobia, ADHD, major depressive

disorder, "recurrent severe w/ psych sym," and depressive schizoaffective disorder. DE 12-7 at 139. He checked off several boxes on the questionnaire form indicating Plaintiff's symptoms, such as poor memory, sleep disturbances, and mood disturbances and checked off a box indicating that Plaintiff's psychiatric condition exacerbates her pain. *See id.* Based on his evaluation of Plaintiff, Mr. Joseph determined that Plaintiff would be off task due to physical/psychological problems 20% or more of an average typical work week and would be absent from work more than three times a month. *Id.* Mr. Joseph opined that Plaintiff has numerous moderate, marked, and extreme limitations, as evidenced by Mr. Joseph checking off boxes on the form. *Id.* at 140–41. In the end, Mr. Joseph opined that Plaintiff would not be able to perform regular, full-time work. *Id.* at 141.

**B. The ALJ's Evaluation of Mr. Joseph's Opinion**

The ALJ noted that Mr. Joseph opined that Plaintiff had many significant limitations from her mental impairments, including being off task for 20% of the day or more and needing to miss three days or more of work per month, but the ALJ found Mr. Joseph's opinion unpersuasive. DE 12-2 at 26. The ALJ stated that Mr. Joseph did not cite to specific evidence in support of any of his findings. *Id.* Additionally, the ALJ explained that Mr. Joseph had only seen Plaintiff for three months before rendering his opinion and that Mr. Joseph's treatment notes were inconsistent with the limitations he found. *Id.* Finally, the ALJ found that Mr. Joseph's opinion was inconsistent with other evidence of record—such as Plaintiff "being able to care for herself and her children, overall good cognition albeit with some for mental exam findings, and overall conservative treatment." *Id.*

**C. The ALJ Properly Evaluated Mr. Joseph's Opinion**

"For claims filed on or after March 27, 2017, the ALJ will not defer or give any specific evidentiary weight to any medical opinion or prior administrative finding." *LeCroy v. Comm'r of Soc. Sec.*, No. 23-11883, 2024 WL 1249165, at *1 (11th Cir. Mar. 25, 2024). Instead, the ALJ must evaluate the persuasiveness of medical opinions and findings by considering five factors: "(1)

supportability; (2) consistency; (3) the provider's relationship with the claimant; (4) specialization; and (5) other factors, including, but not limited to, the provider's familiarity with other evidence in the claim and the provider's understanding of SSA program policies." *Id.* (quotation marks and alteration omitted). "Supportability and consistency are the most important factors." *Id.* (quotation marks omitted). "The ALJ is required to articulate how it considered the supportability and consistency factors, but not the remaining factors." *Id.*

**1. Supportability**

The supportability factor concerns how relevant "the objective medical evidence and explanations are to the medical opinions." *Id.* Here, the ALJ noted that Mr. Joseph's opinion was not supported because he "did not cite to specific evidence in support of the individual findings." DE 12-2 at 26. Insofar as Mr. Joseph merely made findings by checking boxes on a form and did not provide any explanation or cite any evidence to support those findings, that alone is not a valid reason to discount Mr. Joseph's opinion. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262 (11th Cir. 2019) ("The most that can be said in criticism of the questionnaires' format is that they used a 'check box' format with limited space for explanation of the assessments. But that is not a basis, in and of itself, to discount them as conclusory."). Instead, the ALJ must have interpreted the questionnaire Mr. Joseph filled out against his treatment notes for Plaintiff. *Id.* ("In other words, the ALJ should have interpreted Drs. Hernandez's and Assad's answers to the questionnaires in light of their treatment notes."). And that is what the ALJ did here. *See* DE 12-2 at 26 (finding Mr. Joseph's opinion inconsistent with his own treatment notes).

The ALJ cited generally to three treatment notes Mr. Joseph wrote, and those notes are as follows. On April 4, 2024, Mr. Joseph saw Plaintiff for panic attacks, "flash back from work," and depression. DE 12-7 at 260. Mr. Joseph explained that Plaintiff rated her anxiety and depression "7 out of 10," but he noted that Plaintiff only appeared anxious and that Plaintiff was "able to remain

focused and coherent during the interview" with no delusions. *Id.* After examining Plaintiff, Mr. Joseph opined that Plaintiff had fair grooming; was polite and cooperative; was alert and oriented to place, person, time, and situation; had an intact attention span; had mild "Psychomotor agitation"; had normal but soft speech; was anxious; had a constricted affect; had a coherent and goal-directed thought process; had no suicidal or homicidal ideations, delusional ideations, or paranoia; and had fair insight and judgment. *Id.* at 261.

On May 2, 2024, Mr. Joseph saw Plaintiff due to her complaint that she "can't work due to panic attacks, flash back from work and very depressed." *Id.* at 254. In the May 2, 2024 treatment notes, Mr. Joseph stated that Plaintiff "appears anxious, but not depressed; she denies any symptoms of acute depression and [was] able to remain focused and coherent during the entire interview. No delusions were elicited." *Id.* Mr. Joseph further noted that Plaintiff had fair grooming; was polite and cooperative; was alert and oriented to place, person, time, and situation; had an intact attention span; had mild "Psychomotor agitation"; had normal but soft speech; was anxious; had a constricted affect congruent with her mood; had a coherent and goal-directed thought process; had no suicidal or homicidal ideation, delusional ideations, or paranoia; and had fair insight and judgment. *Id.* at 256.

Lastly, on May 30, 2024, Mr. Joseph saw Plaintiff again and noted that Plaintiff stated "that her meds are significantly alleviating her anxious, flight of ideas, depressed and flash back." *Id.* at 258. At the time, Plaintiff reported "feeling anxious, apprehensive, excessive worrying, muscle tension, and feeling keyed up at times" and rated her anxiety and depression a "7 out of 10." *Id.* Mr. Joseph described Plaintiff as appearing anxious but not depressed. *Id.* He further remarked that she was "able to remain focused and coherent during the entire interview" and that no "delusions were elicited." *Id.* After examining Plaintiff, Mr. Joseph stated that she had casual grooming; maintained cooperative and fair eye contact; had an average IQ; was connected with reality; was alert and oriented to place, person, and time; had intact "Recent and Remote" memory; had "some flight of ideas" with

her attention span; was restless and grandiose; had loud and rapid speech with "no looseness of associations"; had a labile mood and affect; had a clear "yet grandiose" thought process; had no suicidal or homicidal ideation, hallucinations, or paranoia; and had fair insight and judgment. *Id.* at 259.

Given that Mr. Joseph often found that Plaintiff had a clear thought process, had an intact attention span, and was able to remain focused and coherent during her visitations, there is substantial evidence to support the ALJ's conclusion that Mr. Joseph's opinion about Plaintiff's limitations was not supported by his treatment notes. Plaintiff contends that the ALJ erred by failing to clearly explain why Mr. Joseph's opinion was inconsistent with his treatment notes. DE 15 at 7 (claiming the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion"). A lack of such an explanation does not amount to reversible error for two reasons. First, the "logical bridge" standard "does not alter the substantial evidence standard." *Gala v. Comm'r of Soc. Sec.*, No. 2:23-CV-642-JES-KCD, 2024 WL 2880417, at *4 (M.D. Fla. Apr. 3, 2024), *report and recommendation adopted*, No. 2:23-CV-642-JES-KCD, 2024 WL 2239070 (M.D. Fla. May 17, 2024). And, as explained above, there is substantial evidence to support the ALJ's conclusion regarding the supportability of Mr. Joseph's opinion. Second, courts are required to read an ALJ's decision as a whole, and an ALJ need not repeat similar factual analysis. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir. 2024) ("We agree with our sister circuits that it is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses in this circumstance." (quotations and ellipsis omitted)). The ALJ previously explained the findings in Mr. Joseph's treatment notes. *See* DE 12-2 at 25 (explaining Mr. Joseph's mental status findings and Plaintiff's treatment plans). The ALJ did not need to repeat that explanation when concluding that Mr. Joseph's opinion was inconsistent with his treatment notes. For these reasons, the ALJ did not err when evaluating the supportability of Mr. Joseph's opinion.

**2. Consistency**

The consistency of a medical opinion concerns whether a medical opinion is consistent with "evidence from other sources." *LeCroy*, 2024 WL 1249165, at *1. The ALJ here found that Mr. Joseph's opinion was not consistent with other evidence of record, particularly Plaintiff's claim of being able to care for herself and her children, overall good cognition, and overall conservative treatment. DE 12-2 at 26. To support this conclusion, the ALJ cited several pieces of evidence in the record. For instance, a doctor's progress note dated August 18, 2022, reflects that Plaintiff's exam demonstrated that she had average grooming, good hygiene, average demeanor, average eye contact, average speech, goal-directed thought process, intact associations, intact judgment, average attention span and concentration, appropriate orientation, average memory, and appropriate mood. DE 12-7 at 79–83; *e.g., id.* at 150–54 (progress note from February 9, 2023, with similar findings); *id.* at 69–73 (progress note from June 30, 2022, with similar findings); *id.* at 260–61 (Mr. Joseph's April 4, 2024 observations with similar findings). Therefore, there is substantial evidence to support the ALJ's determination that Mr. Joseph's opinion was inconsistent with other record evidence, and Plaintiff's arguments to the contrary are unpersuasive.

Plaintiff first claims that the ALJ "cherry picked" evidence to support the finding of inconsistency, and she cites several pieces of evidence that she contends demonstrate she is as limited as Mr. Joseph opined. DE 15 at 9–11. However, as previously explained, courts cannot reweigh the evidence or substitute their judgment for the ALJ. *Winschel*, 631 F.3d at 1178. And even if evidence that supports Mr. Joseph's opinion outweighs the ALJ's decision, the Court must affirm so long as the ALJ's decision is supported by substantial evidence. *Martin*, 894 F.2d at 1529. As explained above, substantial evidence exists to support the ALJ's conclusion that Mr. Joseph's opinion was inconsistent with other evidence of record.

Plaintiff next argues that the ALJ's reference to her conservative treatment is an inadequate reason to discount Mr. Joseph's opinion. DE 15 at 11 (citing *Joseph v. Saul*, No: 1:20-CV-00924-AJB, 2021 WL 805972, at *7 (N.D. Ga. Mar. 2, 2021)). This argument is meritless. *See Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 861 (11th Cir. 2017) ("The conservative and routine nature of this treatment plan suggests that Horowitz's impairments—while significant—were not so severe that she could not perform any job duties.").

Lastly, Plaintiff maintains that the ALJ mischaracterized her ability to care for herself and her children. DE 15 at 11–13. Rather than being able to care for herself and her children, Plaintiff argues that the evidence shows the opposite. *See id.* at 11–12. Even if the ALJ mistakenly characterized Plaintiff's ability to care for herself and her children, such an error would be harmless given that there is substantial evidence to support the ALJ's determination that Mr. Joseph's opinion was inconsistent with other record evidence, besides the evidence concerning Plaintiff's ability to care for herself and her children. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 776 (11th Cir. 2016) ("Where an ALJ makes a factual error, the error will be considered harmless if it is clear that the error did not affect the ALJ's ultimate determination. The ALJ's factual errors are harmless, as substantial evidence supports the ALJ's determination that Jacobus was not entirely credible." (citation omitted)).

**3. Other Considerations**

Lastly, although Plaintiff does not challenge this finding, the ALJ noted that Mr. Joseph had only seen Plaintiff for three months before rendering his opinion. DE 12-2 at 26. The ALJ could properly consider Mr. Joseph's limited relationship with Plaintiff when evaluating the persuasiveness of his opinion, and there is substantial evidence to support the ALJ's finding. *See LeCroy*, 2024 WL 1249165, at *1 (explaining that an ALJ can consider "the provider's relationship with the claimant" when determining the persuasiveness of the provider's medical opinion (quotation marks and

alteration omitted)); DE 12-7 at 139 (Mr. Joseph explaining that he has been treating Plaintiff for three months).

## V. Recommendation

For the foregoing reasons, the Court **RECOMMENDS AFFIRMING** the decision of the ALJ, **DENYING** Plaintiff's Motion for Summary Judgment [DE 15], and **GRANTING** Defendant's Motion for Summary Judgment [DE 16].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 31st day of July, 2026.



PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE